IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SARAH PEARSON, for herself**                                 **PLAINTIFF**
**and all other similarly situated individuals**

**v.**                      **CASE NO. 4:23-CV-01080-BSM**

**TYSON FOODS, INC.**                                                **DEFENDANT**

## ORDER

Tyson Foods, Inc.'s motion to dismiss or, in the alternative, to strike class claims [Doc. No. 10] is granted as to Sarah Pearson's disparate treatment claims and denied as to her failure-to-accommodate claims.

### I. BACKGROUND

Sarah Pearson worked at Tyson for twenty years. In early 2020, Pearson began working remotely as a senior controller. Compl. ¶ 34, Doc. No. 1. In August 2021, Tyson announced that it would require all U.S. employees to be vaccinated against COVID-19. *Id*. ¶ 9. Tyson allowed employees to seek a medical or religious accommodation to the vaccination requirement. *Id*. ¶ 16. Pearson requested a religious accommodation, stating that Tyson's vaccination requirement was "contrary to [her] bona fide religious beliefs." *Id*. Exh. C. In response to Pearson's accommodation request, Tyson placed her on an extended unpaid leave of absence. *Id*. ¶ 56. Pearson filed an EEOC charge in March 2022, alleging that Tyson denied her a reasonable accommodation based on her religious beliefs. *Id*. Exh. A. In October 2022, Tyson ended its COVID-19 vaccination requirement. *Id*. ¶ 81. Pearson then contacted Tyson about returning to work. *Id*. ¶ 85. Tyson offered Pearson a job which

required her to report to work in person in Springdale, which she declined. *Id*. ¶¶ 86–87. Pearson was terminated in December 2022. *Id*. ¶ 88.

Pearson brings this putative class action lawsuit alleging that Tyson failed to accommodate her religious beliefs and discriminated against her based on her religion, in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-107. Tyson moves to dismiss Pearson's complaint or, in the alternative, to strike the class claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

III. DISCUSSION

Tyson's motion to dismiss is denied on Pearson's failure-to-accommodate claims and granted on the disparate treatment claims of both Pearson and the class. Tyson's alternative motion to strike the class claims is denied.

A.     Failure to Accommodate

Pearson has stated plausible failure-to-accommodate claims under Title VII and ACRA. To establish a prima facie failure-to-accommodate claim, Pearson must show that she (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed Tyson of that conflict, and (3) suffered an adverse employment action. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003). At this stage, Pearson is not required to plead all three elements, but these elements "may be used as a prism to shed light upon the plausibility of the claim." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021). ACRA claims are analyzed in the same manner as federal Title VII claims. *Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023).

Tyson contends that Pearson has not alleged a bona fide religious belief that conflicts with its vaccination requirement. Only "beliefs rooted in religion, as opposed to purely secular beliefs or personal preferences" are protected. *Love v. Reed*, 216 F.3d 682, 687 (8th Cir. 2000). To determine whether a belief is religious, factors to consider include whether it addresses "fundamental and ultimate questions having to do with deep and imponderable matters," if the teachings are "comprehensive in nature," and if "certain formal and external

signs" are present. *Id*. (quoting *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981)). Religious beliefs must be distinguished from beliefs that are "essentially political, sociological, philosophical, or merely personal moral codes." *Jackson v. Tyson Foods, Inc.*, No. 5:23-CV-5102, 2023 WL 9097854, at *3 (W.D. Ark. Nov. 27, 2023). "Conclusory allegations that a belief is religious are therefore insufficient; rather, a plaintiff must allege *how* her objection is based upon a *religious* belief." *Id*. at *4 (quoting *Casperson v. Western Union, LLC*, No. 23-cv-00923-NYW-SBP, 2023 WL 6602123, at *7 (D. Colo. Oct. 10, 2023)).

Pearson has alleged sufficient "facts regarding the nature of her belief system, as well as facts connecting her objection to that belief system" to plead a religious objection. *Id.* In her accommodation request, Pearson stated that she has a "Christian worldview and belief in the entirety of the Bible" which "recognizes that faith and conscience inform an individual's choices and compel an individual to submit to the proper jurisdiction within the rule of law, in this case, Divine Law." Compl. Exh. C. Pearson further stated that she "believe[s] in and follow[s] God and the principles laid out in His Word," believes her "body is a temple for the Holy Spirit," and has a "deeply held belief that administering the COVID-19 vaccines violates those beliefs." *Id*. She also contended that the vaccines were produced or tested with cell lines originating from aborted fetuses and that it was "repugnant" that she would "receive any perceived benefit from them, according to [her] deeply held religious beliefs." *Id*. In her request, she listed several Bible passages in support of her beliefs that

4

her body is God's temple, that the Spirit of God lives in her, and that God formed her inmost being, among others. *Id*.

Some of Pearson's opposition to the COVID-19 vaccine appears to stem from secular concerns; namely, that vaccines contain various neurotoxins, contaminants, and hazardous substances, and allowed "synthetic mRNA or DNA code to enter the cells." *Id*. Pearson's belief that the vaccine is harmful is a medical objection, not a religious one. *See Petermann v. Aspirus, Inc.*, No. 22-cv-332-JDP, 2023 WL 2662899, at *2 (W.D. Wis. Mar. 28, 2023). But she ties these safety concerns to her belief that receiving the vaccine would be the equivalent of eating "unclean food" that would harm her conscience and result in "defilement." Compl. Exh. C. On the whole, Pearson has adequately described her religious beliefs and explained how those beliefs conflict with Tyson's vaccination requirement. *See Ellison v. Inova Health Care Servs.*, No. 1:23-cv-132 (MSN/LRV), 2023 WL 6038016, at *6 (E.D. Va. Sept. 14, 2023) (plaintiff adequately stated religious objection to vaccine based on reference to Bible verses that support his anti-abortion beliefs); *Aliano v. Twp. of Maplewood*, No. 22-cv-5598, 2023 WL 4398493, at *7 (D.N.J. July 7, 2023) (plaintiff adequately stated religious objection to vaccine based on belief that genetic code is the "fingerprint of God"). Accordingly, Pearson's failure-to-accommodate claims survive the motion to dismiss.

B.      Religious Discrimination—Disparate Treatment

Pearson's Title VII disparate treatment claims are dismissed because she failed to

exhaust administrative remedies. Before bringing a Title VII claim in federal court, Pearson was required to file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). In her complaint, Pearson alleges that Tyson treated her differently than similarly situated employees by not requiring them to be vaccinated beginning in early 2022 and by terminating her. Compl. ¶ 113. But she did not include that allegation in her March 2022 EEOC charge, which only alleged a failure to accommodate, and she did not file another charge. The Title VII disparate treatment claims—which are distinct from her failure-to-accommodate claims—must therefore be dismissed. *See Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) ("Each incident of discrimination and each retaliatory adverse employment decision. . . must be individually addressed before the EEOC.").

Pearson's ACRA claim alleging disparate treatment before November 2022 is dismissed because it is untimely. Because she did not file an EEOC charge, Pearson was required to bring her ACRA claim within one year from the date the discrimination occurred. Ark. Code. Ann. § 16-123-107(c)(4). She sued in November 2023, so any claim related to events before November 2022 is time-barred.

The remaining ACRA disparate treatment claim—stemming from Pearson's termination—is dismissed because Pearson has not plausibly alleged that she was terminated because of her religious beliefs. To establish a prima facie case of religious discrimination based on disparate treatment, Pearson must plausibly plead that (1) she is a member of a protected class because of her religious beliefs, (2) she met Tyson's legitimate expectations,

6

(3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination.  *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 887 (8th Cir. 2015).  Circumstances giving rise to an inference of discrimination include treating similarly situated employees who are not members of the protected class in a different manner.  *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853–54 (8th Cir.2012).

Pearson did not plead circumstances giving rise to an inference that she was discriminated against because of her religious beliefs.  Pearson alleges that Tyson treated her differently from other similarly situated employees by not requiring them to be fully vaccinated beginning in early 2022 through her termination, but she does not allege that, as a Christian, she was treated differently from non-Christians.  Nor does she allege that employees who were placed on leaves of absence for non-religious reasons were allowed to return to remote work after the vaccination requirement ended, while those who requested religious exemptions were only given offers to return to in-person employment or terminated. She has not plausibly alleged that Tyson "treated [her] and other religious objectors differently from non-religious objectors." *Shane v. Bio-Techne Corp.*, Civ. No. 22-3039 (JWB/ECW), 2023 WL 3936638, at *6 (D. Minn. June 9, 2023).  Accordingly, this disparate treatment claim is dismissed.

Because Pearson's disparate treatment claims are dismissed, the class disparate treatment claims are also dismissed.  *See Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) (dismissal of class claim proper where

7

individual plaintiff's claim fails).

      C.      <u>Class Failure-to-Accommodate Claims</u>

The motion to strike the class failure-to-accommodate claims is denied. A motion to strike may be granted prior to class certification when "it is apparent from the pleadings that the class cannot be certified under Rule 23(b)(2)." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1094 (8th Cir. 2021). Pearson seeks to certify a class of current and former Arkansas Tyson employees who worked remotely before Tyson instituted its vaccination requirement, who requested a religious accommodation to continue working remotely, and who were placed on an extended unpaid leave of absence instead. Compl. ¶ 116. Pearson has not yet moved for class certification. At this early stage, it is premature to strike the class claims because it is not apparent from the pleadings that the class cannot be certified.

## IV. CONCLUSION

For the foregoing reasons, Tyson's motion to dismiss is granted in part and denied in part. The Title VII disparate treatment claims are dismissed with prejudice. The ACRA disparate treatment claims related to events before November 2022 are dismissed with prejudice; the remaining ACRA disparate treatment claims are dismissed without prejudice.

IT IS SO ORDERED this 26th day of March, 2024.

                                                    /s/ Brian S. Miller
                                               UNITED STATES DISTRICT JUDGE